UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DEREK VERNON MEDINA,

        Plaintiff,

v.                                   Case No. 3:22-cv-525-BJD-JBT

BARNES AND NOBLE, INC.,
et al.,

        Defendants.
_____

## ORDER OF DISMISSAL WTHOUT PREJUDICE

Plaintiff, Derek Vernon Medina, an inmate of the Florida penal system currently housed at Florida State Prison, initiated this action by filing a civil rights Complaint under 42 U.S.C. § 1983. Doc. 1. He is proceeding on an Amended Complaint. Doc. 5. Plaintiff names as Defendants: (1) Barnes and Noble, Inc.; (2) Amazon, Inc.; (3) Books of Million [sic]; and (4) E Book Time [sic]. Id. at 2-3. Plaintiff alleges he and Defendants executed a contract in which Defendants agreed to sell six self-help books Plaintiff authored and provide him with a portion of the monetary proceeds obtained from the sales. Id. According to Plaintiff, however, when Plaintiff was arrested in 2013, Defendants began withholding Plaintiff's sale proceeds and have continued to withhold Plaintiff's agreed-upon compensation to this day. Id. He contends Defendants "have [his] property" and are using Plaintiff's incarcerated status

as an excuse to not disburse his payments. Id. He also alleges Defendants are not "paying taxes on their profits [from] [his] books" and are "not reporting to [the] I.R.S. that they have not paid [] Plaintiff . . . ." Id. He suggests Defendants' actions violate his Eleventh and Sixteenth Amendment rights; and as relief, he requests monetary damages and asks the attorney general to pursue criminal charges against each Defendant. Id. at 5.

The Prison Litigation Reform Act requires the Court to dismiss a case at any time if the Court determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1). The Court liberally construes the pro se plaintiff's allegations. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011). But the duty of a court to construe pro se pleadings liberally does not require the court to serve as "de facto counsel" for the plaintiff. Freeman v. Sec'y, Dept. of Corr., 679 F. App'x. 982, 982 (11th Cir. 2017) (citing GJR Inv., Inc. v. Cnty. Of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998)).

"Section 1983 provides judicial remedies to a claimant who can prove that a person acting under color of state law committed an act that deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States." Hale v. Tallapoosa Cnty., 50 F.3d 1579, 1582 (11th Cir. 1995). "Only in rare circumstances can a private party

be viewed as a 'state actor' for section 1983 purposes." <u>Rayburn ex rel. Rayburn v. Hogue</u>, 241 F.3d 1341, 1347 (11th Cir. 2001) (quoting <u>Harvey v. Harvey</u>, 949 F.2d 1127, 1130 (11th Cir. 1992)). To show a defendant acted under color of state law, the plaintiff must allege a sufficient relationship between the defendant and the state. See <u>Farrow v. West</u>, 320 F.3d 1235, 1239 n.3 (11th Cir. 2003). To establish a sufficient relationship between the private-party defendant and the state, one of three conditions must be met:

> (1) the State has coerced or at least significantly encouraged the action alleged to violate the Constitution ("State compulsion test"); (2) the private parties performed a public function that was traditionally the exclusive prerogative of the State ("public function test"); or (3) the State had so far insinuated itself into a position of interdependence with the private parties that it was a joint participant in the enterprise ("nexus/joint action test").

<u>Rayburn ex rel. Rayburn v. Hogue</u>, 241 F.3d 1341, 1347 (11th Cir. 2001) (alterations adopted and quotation marks omitted).

Here, Plaintiff does not allege that any named Defendant is a state actor subject to liability under § 1983. Indeed, all named Defendants are either private entities or publicly traded companies and Plaintiff does not allege any of the three causal connections establishing Defendants acted under color of state law. See, e.g., <u>Stevens v. Plumbers and Pipefitters Local 219</u>, 812 F. App'x 815, 820 (11th Cir. 2020) (finding that the plaintiff failed to allege a causal connection between the state and private corporation or publicly traded bank

to assert § 1983 claim).[1] Plaintiff also fails to identify with any specificity Defendants' alleged unconstitutional acts. Instead, Petitioner generally asserts a breach of contract claim, which may stem from state law. As such, Plaintiff has failed to state a plausible claim for relief under § 1983, and his Amended Complaint is due to be dismissed without prejudice.

Accordingly, it is

**ORDERED AND ADJUDGED:**

1. This case is **DISMISSED without prejudice.**

2. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 17th day of May, 2022.

_____
BRIAN J. DAVIS
United States District Judge

Jax-7
C:   Derek Vernon Medina, #M95189

---

[1] Although the Court does not rely on unpublished opinions as precedent, they may be cited in this Order because the Court finds their reasoning persuasive on a particular point. See McNamara v. GEICO, 30 F.4th 1055, 1060-61 (11th Cir. 2022). Rule 32.1 of the Federal Rules of Appellate Procedure permits the Court to cite as persuasive authority unpublished opinions that have been issued on or after January 1, 2007. Fed. R. App. P. 32.1(a).